UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| COLLISIONRIGHT, LLC, a Delaware Limited Liability Company doing business as KENTUCKY COLLISION CENTER<br><br>Plaintiff,<br><br>vs.<br><br>KY COLLISION CENTER, LLC, a Kentucky Limited Liability Company<br><br>And<br><br>DAVID AUSTIN PONDER, an individual<br><br>Defendants. | CIVIL ACTION NO.<br><br>_____ |

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

Comes the Plaintiff, CollisionRight, LLC doing business as Kentucky Collision Center, and for its Complaint against Defendants, Kentucky Collision Center, LLC and David Austin Ponder, Plaintiff states as follows:

**PRELIMINARY STATEMENT**

1.  This is a trademark infringement and unfair competition action brought by the Plaintiff pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*), the Kentucky Trademark Act (KRS 365.561 *et seq.*), and the common law.

## JURISDICTION

2. This Court has original jurisdiction to adjudicate the Lanham Act claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338 and has pendent jurisdiction to adjudicate the associated Kentucky statutory and common law claims pursuant to 28 U.S.C. § 1338.

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Defendants maintain their principal place of business in this division of this District.

## PARTIES

### PLAINTIFF COLLISIONRIGHT, LLC d/b/a KENTUCKY COLLISION CENTER

4. Plaintiff, CollisionRight, LLC is Delaware Limited Liability Company headquartered in Columbus, Ohio. It owns numerous business operations located in various states engaging in the business of rendering collision repair services, namely, facilities often generically referred to as "body shops."

5. CollisionRight's Kentucky body shops engage in business under the assumed name, Kentucky Collision Center. Plaintiff CollisionRight is hereinafter sometimes referred to as "the Senior Kentucky Collision Centers [or Center]."

6. CollisionRight has so engaged in business in Kentucky under the assumed name, Kentucky Collision Center since 2020, as the successor in interest of a group of commonly owned companies which had engaged in business under the Kentucky Collision Center name, the earliest of which continuously since as early as 1997, namely, Kentucky Collision Center, Inc., a Kentucky Corporation; Kentucky Collision Center of Lexington, Inc., a Kentucky Corporation; Kentucky Collision Center of Lexington number 2 Inc., a Kentucky Corporation; Kentucky Collision Center

of Nicholasville, Inc., a Kentucky Corporation; and Kentucky Collision Center North, LLC, a Kentucky Limited Liability Company.

7. By virtue of the approximate quarter of a century during which the Senior Kentucky Collision Centers have continuously engaged in business under the name, KENTUCKY COLLISION CENTER, in connection with collision repair services, and the goodwill built up over those dozens of years, the mark, KENTUCKY COLLISION CENTER, has come to be recognized by the public as a specific reference to the facilities operated by Plaintiff and its predecessors in interest.

8. By virtue of the many years during which the Senior Kentucky Collision Centers have continuously engaged in business under the name, KENTUCKY COLLISION CENTER, in connection with collision repair services, and the goodwill built up over those dozens years, the mark, KENTUCKY COLLISION CENTER, has come to be recognized by a substantial number of customers and potential customers of Plaintiff as a designation of the specific businesses operated by Plaintiff and its predecessors in interest.

9. The Senior Kentucky Collision Center is the owner of a registration of the mark, KENTUCKY COLLISION CENTER and an associated design consisting of gold and white colored swooshes positioned above and below the words for "automobile collision repairs, paint and refinish, frame and unibody repar [sic] and paintless dent repair", namely Registration Certificate # 019766 issued by the Kentucky Secretary of State on July 9, 2021, a copy of which marked as Plaintiff's Exhibit 1 is attached hereto and incorporated herein by this reference. This registration is hereinafter sometimes referred to as the "Kentucky Collision Center Registered Trademark."

**DEFENDANTS KY COLLISION CENTER, LLC AND DAVID AUSTIN PONDER**

10. On information and belief, Defendant, Kentucky Collision Center, LLC is a Kentucky Limited Liability Company conducting business from a facility located at 550 North Highway 25 W in Williamsburg, Kentucky. Defendant, Kentucky Collision Center, LLC is hereinafter sometimes referred to as "the Junior Kentucky Collision Center."

11. On information and belief, the Junior Kentucky Collision Center is engaged in the business of rendering collision repair services through a facility which could generically be referred to as a body shop.

12. On information and belief, the Junior Kentucky Collision Center adopted and commenced interchangeably using the names, KENTUCKY COLLISION CENTER and the abbreviation thereof, namely, KY COLLISION CENTER, for its facility and intentionally, willfully, wantonly and maliciously did so with knowledge of the preexisting and ongoing use by Plaintiff of the KENTUCKY COLLISION CENTER name and the renown of Plaintiff and good will associated with its name, and further did so with reckless indifference and disregard to the proprietary rights of the Senior Kentucky Collision Center in and to the mark, KENTUCKY COLLISION CENTER, as the reference to Senior Kentucky Collision Center's collision repair services rendered through Plaintiff's facilities. Said behaviors by or on behalf of Defendants which are complained of in the proceeding are hereinafter sometimes referred to as "Defendants' Wrongful Acts."

13. Following receipt of a "cease and desist letter" complaining of Defendants' Wrongful Acts, counsel for Defendants responding stating that Defendants would no longer refer

to their facility as "Kentucky Collision Center" but would continue using the designation "KY Collision Center."

14.  Because the designation "KY Collision Center" is merely a well-recognized abbreviation of "Kentucky Collision Center," said proposal is unacceptable and a follow-up "cease and desist letter" was issued which Defendants apparently elected to ignore. No response to Plaintiff or its counsel to the follow-up "cease and desist letter" has been forthcoming.

15.  On information and belief, Defendant Ponder is also a resident of Williamsburg, Kentucky or the environs thereof.

16.  On information and belief, Defendant Ponder is an owner and the controlling officer, director, and/or managing official of the Junior Kentucky Collision Center.

17.  On information and belief, Defendant Ponder is personally involved in the Defendants' Wrongful Acts detailed in this Complaint and has a financial interest in and operational and managerial control over the business operations of, and personal decision-making authority for Defendant Ky Collision Center, LLC, including decisions relating to the selection and use of the offending name and the promotional, advertising, and marketing activities all of which collectively constitute the Defendants' Wrongful Acts, and had the right and ability to prevent same but did not do so.

18.  Accordingly, Defendant Ponder is jointly and severally liable along with Defendant, Ky Collision Center, LLC, for the Defendants' Wrongful Acts.

**COUNT I: FEDERAL UNFAIR COMPETITION**

19.  Each of the foregoing paragraphs in this Complaint are hereby incorporated in this Count by reference.

20.     The name, KENTUCY COLLISION CENTER, as used by Defendants, the Junior Kentucky Collision Center, as well as the abbreviation thereof, KY COLLISION CENTER, are so similar to the Senior Kentucky Collision Center's name and mark as to create a likelihood of confusion.

21.     The Junior Kentucky Collision Center's use of the name, KENTUCY COLLISION CENTER, as well as the abbreviation thereof, KY COLLISION CENTER constitutes a false designation, description, and representation in commerce tending to cause confusion, mistake, or deception or otherwise create the false impression that Defendant is affiliated with, sponsored, or approved by the Senior Kentucky Collision Center, or false impression that Defendants' services originate with, or are sponsored or approved by, the Plaintiff.

22.     Defendants' Wrongful Acts constitute violations of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

23.     Unless Defendants' Wrongful Acts are enjoined, the Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

**COUNT II: KENTUCKY STATE TRADEMARK INFRINGEMENT**

24.     Each of the foregoing paragraphs in this Complaint are hereby incorporated in this Count by reference.

25.     The name, KENTUCY COLLISION CENTER, as used by Defendants, the Junior Kentucky Collision Center, as well as the abbreviation thereof, KY COLLISION CENTER, constitute a reproduction, counterfeit, copy, or colorable imitation of the Kentucky Collision Center Registered Trademark in connection with the sale, offering for sale, or advertising of services is likely to cause confusion or mistake or to deceive as to the source or origin of the Junior Kentucky Collision Center's goods or services.

26. Defendants' Wrongful Acts constitute infringement of the Kentucky Collision Center Registered Trademark in violation of KRS § 365.601.

27. Unless Defendants' Wrongful Acts are enjoined, the Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

### COUNT III: COMMON LAW UNFAIR COMPETITION

28. Each of the foregoing paragraphs in this Complaint are hereby incorporated in this Count by reference.

29. The name, KENTUCY COLLISION CENTER, as used by Defendants, the Junior Kentucky Collision Center, as well as the abbreviation thereof, KY COLLISION CENTER, are so similar to the Senior Kentucky Collision Center's name and mark as to create a likelihood of confusion.

30. The Junior Kentucky Collision Center's use of the name, KENTUCY COLLISION CENTER, as well as the abbreviation thereof, KY COLLISION CENTER constitute false designations, descriptions, and representations in commerce tending to cause confusion, mistake, or deception or otherwise create the false impression that Defendant is affiliated with, sponsored, or approved by the Senior Kentucky Collision Center, or false impression that Defendants' services originate with, or are sponsored or approved by, the Plaintiff.

31. Defendants' Wrongful Acts constitute violations of the common law.

32. Unless Defendants' Wrongful Acts are enjoined, the Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

WHEREFORE, Plaintiff prays for relief against Defendants, jointly and severally as follows:

A. Trial by jury on all issues so triable;

B.  An order requiring that Defendants and all of their officers, agents, servants, employees, and those persons in active concert or participation with them, be temporarily, preliminarily and permanently enjoined from making any use of, or any reference to their prior use of, the name, KENTUCY COLLISION CENTER, as well as the abbreviation thereof, KY COLLISION CENTER, or any other confusingly similar marks or indicia and requiring Defendants to immediately eliminate KENTUCY COLLISION CENTER, as well as the abbreviation thereof, KY COLLISION CENTER or any other confusingly similar marks and indicia from advertising, marketing or other promotional materials;

C.  An order requiring that Defendant deliver for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and goods in its possession bearing the term KENTUCY COLLISION CENTER, as well as the abbreviation thereof, KY COLLISION CENTER, along with all plates, molds, matrices, and other means of making the same;

D.  An order requiring Defendant to take any other action reasonably necessary to prevent any false impression that its business or services are owned, operated, sponsored by, approved by, or otherwise affiliated with the Plaintiff;

E.  An award to the Plaintiff of any damages incurred as a result of Defendants' Wrongful Acts, including an accounting of Defendants' profits earned in association with said use with prejudgment interest thereon;

F.  Trebling of said sums pursuant to 15 U.S.C. § 1117(b);

G.  An award to the Plaintiff of punitive damages in an amount deemed appropriate by the finder of fact;

H.  An assessment against Defendants of the costs of this action including the Plaintiff's reasonable attorneys' fees; and

I.       Any further relief to which the Plaintiff may appear entitled.

/s/ *Jack A. Wheat*
Jack A. Wheat
E-mail: jwheat@mcbrayerfirm.com
Bruce B. Paul
E-mail: bpaul@mcbrayerfirm.com
Peter J. Rosene
E-mail: prosene@mcbrayerfirm.com
McBRAYER, PLLC
500 W. Jefferson Street, Suite 2400
Louisville, KY 40202
Phone: (502) 327-5400


Robert E. Maclin, III
E-mail: remaclin@mcbrayerfirm.com
McBRAYER, PLLC
201 East Main Street, Suite 900
Lexington, KY 40507
Phone: (859) 231-8780

**Counsel for Plaintiff**